IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, AIS 177303, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:24-cv-614-MHT-SMD ) (WO) |
| LIMESTONE CORRECTIONAL FACILITY, | ) ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Proceeding pro se, Plaintiff Marcus Dewayne McQueen filed this complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. Doc. 1. McQueen names the Limestone Correctional Facility as Defendant and alleges that several correctional officers at the facility violated his constitutional rights by pushing and beating on him, harassing him, and cursing at him. *Id*. at 1–4. Upon consideration of McQueen's complaint, the Court finds this case should be transferred to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391 and 28 U.S.C. § 1404.[1]

---

[1] Upon filing the complaint, McQueen filed a motion in support of a request for leave to proceed *in forma pauperis*. Doc. 2. The assessment and collection of any filing fees, however, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]" 28 U.S.C. § 1404(a).

The unconstitutional acts alleged in McQueen's complaint all occurred at the Limestone Correctional Facility, which is located in Harvest, Alabama, in the federal jurisdiction for the Northern District of Alabama. McQueen identifies no defendant who resides within the federal jurisdiction for the Middle District of Alabama, and he indicates the address of each correctional officer who violated his rights as "Limestone." Doc. 1 at 2. He describes no events or omissions giving rise to his claims that occurred in the Middle District of Alabama, and he identifies no basis for proper venue in the Middle District. Therefore, under 28 U.S.C. § 1391(b), the proper venue for McQueen's action is the Northern District of Alabama, and this case is due to be transferred under 28 U.S.C. § 1404(a).[2]

---

[2] In recommending transfer of this case, the Court makes no determination on the merits of the claims presented in the complaint.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1404(a).

It is further ORDERED that the parties shall file any objections to this Recommendation by **October 22, 2024.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 8th day of October, 2024.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE